MoINNIS, Judge ad hoc.
On October 8, 1950 a freight train of the Missouri Pacific Railroad Company, of which Guy A. Thompson is trustee, ran over and killed a large Brahma hull, at or near Longleaf, Rapides Parish, Louisiana, for which plaintiff demands $448 as the value of the bull.
Negligence charged to the employees of the railroad is that they knew, or should have known, of the presence of cattle in the vicinity, and failed to operate the train at such speed as to avoid striking and killing livestock, and failed to whistle and otherwise signal livestock to frighten them away from the tracks.
Alternatively, in the event the Court should fail to find- negligence in the foregoing respect, then it is alleged that the bull was killed on the above date by a train owned and operated by defendant, its agents and employees, and that under the provisions of LSA-R.S. 45:501-504,.it is incumbent on defendant to prove that said killing was not the result of negligence on its part.
Answering the demand, defendant admits that its train killed the bull, but denies all the other allegations of plaintiff’s petition and alleges that, at the time and place in question, its train was being operated in a proper and careful manner at a speed not exceeding 45 miles per hour, with its whistle being sounded to warn the animal, which was grazing on the right-of-way twenty or thirty feet from the track near Longleaf station, but when the train was too close to stop the animal suddenly ran across the track in front of the train, and no fault of defendant was in any way proximately connected with the killing of the animal.
After trial on the merits the District Judge, for reasons orally given, rejected the demand of plaintiff, at his costs, and plaintiff perfected a devolutive appeal to this Court.
From the evidence it appears that Long-leaf is a small unincorporated village, at which there is a sawmill. The railroad tracks of defendant are up grade both to the north and south of the village and freight trains do not ordinarily stop -there. This train was running from north to south. Two people, other than the train crew, saw the accident, which happened about 4:00 or 5:00 o’clock P. M. on a clear day with visibility good. There is a curve north of Longleaf. One of the witnesses saw the bull on the tracks and the train when it, as he says, topped the hill north of Longleaf. The engineer blew the whistle to try to get the bull off the track, but he didn’t get off. The other witnesses saw only the bull and heard the whistle. The distance north of the scene of the accident was estimated at one-fourth of a mile, that is, the point from which the animal could have been -seen.
The engineer and fireman on the two unit diesel locomotive saw the animal when the locomotive came around the curve. The engineer says he could not tell at that time whether it was people or animal, and that it was near the tracks but not on them at that time, but he blew the whistle. Then when he was nearer, the animal came on the tracks, and he was too close to stop the train. The fireman’s testimony is similar, but he was on the other side of the diesel and his view of the animal before it got on the tracks was obscured by the cattle guard.
The right-of-way is fenced, but at stations it is impracticable to fence the right-of-way, so cattle guards are used.
The train consisted of some ninety cars, sixty-seven of which were loaded and twenty-three empty. It appears that there was no possibility of stopping the train in the distance between it and the animal, and as the engineer testified, there is danger to the train itself and the crew in undertaking an emergency stop, which would likely not have avoided the killing of the animal.
We are of the opinion that the train crew was guilty of no negligence that caused the accident. We recognize the law that when the killing of livestock by railroad trains is proven that the burden then shifts to the railroad to prove that it was free from negligence. However, under the facts as disclosed by this record, we agree that defendant has absolved itself of negligence. To hold otherwise would compel train crews to slow down *384 whenever they saw animals on or near the tracks, and, as the engineer of this train said, if he had to stop or slow down, under these conditions, he would never get over the road.
For these reasons the judgment appealed from is affirmed at the cost of plaintiff-appellant in both courts.
KENNON, J., not participating.